# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FRANCISCO FRIAS ABALOS** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-26-1445-D** |
| ) | |
| **MARKWAYNE MULLIN, et al.,** ) | |
| ) | |
| **Respondents.** ) | |

## REPORT AND RECOMMENDATION

Petitioner Francisco Frias Abalos, a citizen of Mexico proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1]  (Doc. 1).[2] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 6).  In accordance with the expedited briefing schedule, (Doc. 8), Respondents timely filed a Response.  (Doc. 10).  Petitioner timely filed a Reply.  (Doc. 11).  As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA").  The Court should order an individualized bond hearing before a neutral

---

[1] Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 8).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I.      Factual Background

Petitioner is a citizen of Mexico who entered the United States without inspection in or around 2000. (Doc. 1, at 15). Petitioner was detained by the Department of Homeland Security on May 20, 2026, at a state probation appointment. (*Id.* at 17). Petitioner's removal proceeding was docketed on May 21, 2026, and it is ongoing. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed July 30, 2026). He has not been provided with a bond hearing. (Doc. 1, at 17)

Respondents assert that Petitioner is subject to mandatory detention under § 1225(b)(2)(A). (Doc. 10, at 1 & n.1). But Respondents also recognize that this matter is controlled by *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). (*Id.* at 1).

## II.     Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1.      A violation of the INA because his detention is governed by 8 U.S.C. § 1226(a), not § 1225(b), and he is entitled to a bond hearing. (Doc. 1, at 55-56).

2.      His continued detention without a bond hearing violates 8 C.F.R. §§ 1003.19, 1236.1. (*Id*. at 56).

3.      His arrest without the issuance of a warrant violates the Fourth Amendment. (*Id.* at 57)

4.      His detention violates the retroactivity doctrine. (*Id.*)

5.      His detention without a bond hearing violates his Fifth Amendment right to due process. (*Id.* at 57-58)

2

As relief Petitioner requests immediate release from custody or, alternatively, to be provided with a bond hearing within three days before a neutral Immigration Judge pursuant to 8 U.S.C. §1226(a) where the government has the burden of proving by clear and convincing evidence that Petitioner poses a danger or flight risk.  (*Id*. at 58).

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that the Tenth Circuit's recent decision in *Santillan Quiroz*, 180 F.4th 1226, "compels a different outcome." (Doc. 10, at 1). "Respondents request that any order be limited to ordering a bond hearing within seven days." (*Id.*)  They specifically assert the constitutional claims are "no longer . . . ripe or appropriate for adjudication" if the Court grants relief based on the statutory claim.  (*Id.* at 2).

In Reply, Petitioner "agrees with Respondents . . . that the Court should order a bond hearing within 7 days," (Doc. 11, at 1), and seeks an order such that a bond hearing be held within seven days or that Petitioner be immediately released from detention.  (*Id.* at 2).

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Analysis

### A.    Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.

In order for the Court to determine whether Petitioner's current detention without a bond hearing violates the law, the Court must first determine what statute controls his detention.  Under the INA, detention of aliens who are "applicants for admission"[3] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A).  By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[4]

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  180 F.4th at 1237.  The court reasoned based on the statutory text and context that

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only

---

[3] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  *Id*. § 1101(a)(13).

[4] The regulations accompanying the statute explain the various levels of review for a bond determination.  An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."  8 C.F.R. § 236.1(c)(8).  If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge.  *Id*. § 236.1(d)(1).  An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals ("BIA").  *Id*. § 236.1(d)(3).

time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border.  Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id*. at 1239.  This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States after entering without admission, is subject to detention under § 1226(a).  However, he has not been granted the bond hearing provided in that statute.  Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3).  A bond hearing is the appropriate remedy.  *Santillan Quiroz*, 180 F.4th at 1251 n.13.

**B.     The Court Should Decline to Reach Petitioner's Remaining Claims, Including Due Process or Burden Shifting.**

Petitioner asserts that his detention without a bond hearing violates due process as well as the INA, and also argues that the government should be required to bear the burden of proof at a bond hearing.  (Doc. 1, at 57-58).  "[U]nder current BIA precedent, a noncitizen detained under section 1226(a) must demonstrate to the satisfaction of the Immigration Judge that he or she merits release on bond, even though section 1226(a) does not explicitly contain such a requirement.  To do so, the noncitizen must prove that he or she is neither a danger to the community nor a flight risk."  *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021) (citation modified). The majority of Judges in this District have either (a) declined to reach the issue of whether due process requires the government, rather

than the non-citizen, to carry the burden of proving dangerousness or flight risk at a §

1226(a) bond hearing[5] and/or (b) determined that due process does not require the burden

to shift to the government.[6]  Acknowledging these decisions and in the interests of judicial

economy, the undersigned recommends that the Court decline to address the issue.[7]

---

[5] *See e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026) (Judge Jones declining to address petitioner's due process claim and finding that the burden-shifting issue "is premature and not fit for adjudication at this stage"); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026) (same where no party objected to the recommendation for burden shifting); *Tabares Martinez v. Grant*, No. CIV-26-545-SLP, 2026 WL 1908094, at *2 (W.D. Okla. July 2, 2026) (Chief Judge Palk declining, without comment, to adopt the recommendation for burden shifting); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (Judge DeGiusti "declin[ing] to place the burden on the government to justify Petitioner's detention pending removal proceedings."); *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (Judge Russell "declin[ing] to specify or alter the burden of proof at this stage.") (citation omitted).

[6] *See e.g.*, *Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 5 (W.D. Okla. July 24, 2026) ("Absent binding authority resolving this issue, and because Petitioner's request would substantially alter the existing framework, the Court declines to hold on this limited record that due process requires a different procedure."); *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) ("[T]he Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing."); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026) ("Balancing all three factors, the Court agrees with the Fourth and Ninth Circuits in concluding that, at least on the facts of this case, § 1226(a)'s existing bond procedures supply adequate process.").

[7] The undersigned has routinely recommended, on due process grounds, ordering a bond hearing that requires the government to prove dangerousness or risk of flight by clear and convincing evidence.  *See, e.g.*, *Velazquez v. Johnson*, No. CIV-26-1111-J, Doc. 11, at 6-19 (W.D. Okla. July 2, 2026).  In the absence of authority from the Supreme Court or the Tenth Circuit, the undersigned continues to find the First and Second Circuit's rulings on the issue persuasive, while acknowledging the well-reasoned approach of members of this Court.  *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39-40 (1st Cir. 2021) (holding that at a § 1226(a) bond hearing, due process requires the government to bear the burden of proving the alien's dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence); *Velasco Lopez v. Decker*, 978 F.3d 842, 855-57 (2d Cir.

6

The undersigned also recommends that the Court not reach Petitioner's arguments based on a regulatory violation, a violation of the Fourth Amendment, and the retroactivity doctrine.

## V.      Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **GRANTED in part**.  The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by August 7, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[8]  The Court advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

2020) (holding that when an alien is subject to prolonged incarceration under § 1226(a), the appropriate remedy is a bond hearing at which the government bears the burden of proving dangerousness or flight risk by clear and convincing evidence).

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations.  *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 31st day of July, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE